UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DINESH GAUBA,

            Plaintiff,

    v.

FERRARI NORTH AMERICA, INC.,

            Defendant.

Case No.  24-cv-03668-JSC

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 33

Plaintiff brings negligence and products liability claims against Defendant, claiming a defect in his Ferrari vehicle's brake fluid cap caused him to crash his car in 2018.  (Dkt. No. 1-1.)[1] In 2022, Defendant issued a recall for various Ferrari models describing a defect in the brake fluid cap "may not vent properly," "resulting in a … leak that may lead to partial or total loss of brake fluid."  (Dkt. No. 1-1 ¶ 8; Dkt. No. 33-2 at 10.)  The recall, however, affected an estimated 1% of Ferrari vehicles and stated "the vehicle would lose braking capability" "[u]pon total loss of brake fluid[.]" (Dkt. No. 33-2 at 6, 10.)  Defendant moves for summary judgment, asserting Plaintiff's vehicle did not have a defect.  (Dkt. No. 33.)  Plaintiff did not file an opposition.

For the reasons set forth below, the Court GRANTS Defendant's motion. The undisputed evidence shows Plaintiff's vehicle did not have the alleged defect.  Plaintiff retained a team to inspect his vehicle.  Plaintiff's admissions, documents from the inspection, and testimony from a member of the inspection team demonstrate the alleged defect only occurs upon a total loss of brake fluid and Plaintiff's vehicle had brake fluid in it at the time of the crash; therefore the alleged defect did not cause the crash.  No reasonable juror could find otherwise.

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

**BACKGROUND**

On May 6, 2018, Plaintiff was in a car crash while driving his Ferrari. Plaintiff alleges he "attempted to make a turn" and "pressed down on his brakes" "but his vehicle would not slow down as it should have." (Dkt. No. 1-1 ¶ 8.) "As a result of brakes not working," Plaintiff alleges, "the vehicle collided into a barrier, severely injuring Plaintiff." (*Id.*)

In 2022, Plaintiff discovered Defendant, Ferrari North America Inc., issued a recall on various Ferrari vehicles. The vehicles "had a brake fluid reservoir cap that 'may not vent properly, creating a vacuum inside the brake fluid reservoir, and resulting in a brake fluid leak that may lead to a partial or total loss of brake function.'" (*Id.* ¶ 9.) Plaintiff's investigation of the facts "did not reveal" a design defect in the cap, so he alleges a "negligent defect" because "Defendant[]… designed and manufactured the brake system in question" and was "ignorant of the defect, else [it] surely would have issued their recall sooner." (*Id.* ¶ 10.)

Accordingly, Plaintiff's causes of action are (1) ordinary negligence, (2) strict products liability, and (3) negligence on a products liability theory. Plaintiff filed suit in California state court on June 20, 2023, then Defendant timely removed. (Dkt. Nos. 1, 1-1.)

**DISCUSSION**

Defendant moves for summary judgment on all three causes of action. Plaintiff has not filed an opposition. For the reasons set forth above, the Court GRANTS Defendant's motion. All three of Plaintiff's claims require a finding the vehicle's defect caused Plaintiff's injury. *See Beacon Residential Cmty. Ass'n v. Skidmore, Owings & Merrill LLP*, 59 Cal. 4th 568, 573 (2014) (the breach in negligence must be "the proximate or legal cause of the resulting injury") (cleaned up); *Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 572 (1994) ("A manufacturer is liable only when a defect in its product was a legal cause of injury.") Here, the undisputed facts show Plaintiff's vehicle did not have a defect in the brake fluid reservoir cap that caused his injuries. A vehicle affected by the defect only loses braking capacity upon a total loss of fluid, yet there are no inferences to be drawn in Plaintiff's favor that his vehicle lost all brake fluid at the time of his car crash. Accordingly, Defendant is entitled to summary judgment as a matter of law.

Defendant sent Plaintiff requests for admission with responses due by October 15, 2025, to

2

United States District Court
Northern District of California

which Plaintiff still had not responded as of Defendant's summary judgment filing. (Dkt. No. 33-1 ¶¶ 12-13.) And, nothing in the record suggests Plaintiff has responded to the requests since then. Accordingly, the requests are "deemed admitted" and "conclusively established." *Hadley v. U.S.*, 45 F.3d 1345, 1348 (1995) (citing Fed. R. Civ. P. 36(a), (b)).

For example, the requests asked Plaintiff to admit "the recall is the only evidence that you have to support your claim the … reservoir cap was defective." (Dkt. No. 33-4 at 101-103.) Defendant's Head of Aftersales Operations, Mr. Francesconi, attests to the recall report, which estimated "1%" of Ferrari vehicles "spanning various years and models were potentially affected by a braking system issue involving a brake fluid reservoir cap which … may not vent properly." (Dkt. No. 33-2 ¶ 7.) "[A]s indicated in the Recall, any Ferrari California vehicle affected by this issue would only lose braking capability upon a 'total loss of fluid.'" (Dkt. No. 33-2 ¶ 7 (quoting Dkt. No. 33-2 at 10).) Given Plaintiff's admission, a reasonable juror could not find otherwise.

The undisputed evidence shows, however, Plaintiff's vehicle had brake fluid, and therefore was unaffected by the defect at the time of the crash. During Plaintiff's prior lawsuit in state court, Plaintiff retained Mr. Moore, a forensic engineer, to inspect Plaintiff's vehicle. (Dkt No. 33-4 at 20:11-13-24:25.) Mr. Moore testified as a percipient witness in this case regarding "the things that [he] saw and [he] did in connection with that inspection." (*Id.*) Mr. Moore reaffirmed his prior testimony that "[m]y team and I inspected the subject vehicle and extracted the brake fluid from the sealed brake fluid compartment" on Plaintiff's vehicle. (*Id.* at 26:24-27:13.) A member of the inspection team "was actually able to extract brake fluid from" Plaintiff's vehicle after the crash and nobody on the team added fluid to the tank after the crash. (*Id.* at 30:2-31:22.) The retrieval of brake fluid is captured on video, and the video "show[s] the brake fluid filled to the top … or near the top[.]" (*Id.* at 33:12-25.) Documents from the inspection confirm the "brake fluid was obtained" from the vehicle and "was in functional use." (Dkt. No. 33-4 at 48.) And by not responding to Defendant's requests for judicial admission, Plaintiff has conclusively established Mr. Moore "conducted an inspection of the vehicle," "the 35-second video clip … depict[s] brake fluid being extracted" from the vehicle's reservoir, and Plaintiff is "not aware of anyone adding brake fluid to the vehicle" after the crash. (*Id.* at 101-103) (cleaned up).

3

Consequently, drawing inferences in Plaintiff's favor, no reasonable juror could find at the time of Plaintiff's crash, the vehicle had a "total loss" of braking fluid, which is necessary for the car to "lose braking capability" as Plaintiff alleges happened.  (*See* Dkt. No. 33-2 ¶ 7, *id.* at 10; Dkt. No. 1-1 ¶ 8 ("As a result of brakes not working, the vehicle collided into a barrier, severely injuring Plaintiff."))  So, Defendant is entitled to summary judgment as a matter of law.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion for summary judgment.  The undisputed evidence shows no reasonable juror could find the alleged defect in Plaintiff's vehicle caused his injuries.  A separate judgment will be entered.

This Order disposes of Docket No. 33.

**IT IS SO ORDERED.**

Dated: January 29, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California